Pedro Polanco Díaz, Appellant, *v.* Registrar of Property of San Juan (First Section), Respondent.

No. 888. Submitted March 23, 1933.—Decided March 28, 1933.

E. *Campillo* for appellant. The registrar appeared by brief.

Mr. Chief Justice Del Toro delivered the opinion of the Court.

On February 11, 1930, there appeared before Notary Public Enrique Campillo, José Bazán and his wife, of the one part, and Justino Barreto, of the other part, and they executed a deed whereby the former assigned to the latter a mortgage credit constituted in their favor on a certain lot situated in Santurce; and it was stated therein by the Bazán spouses that the security of the said mortgage credit had been extended by a deed of April 12, 1927, executed by the owners of the lot, Pedro Polanco and his wife, so as to cover $300 additional as principal and $75 as interest, said owners of the lot having paid to them the said $300 and the interest accrued, for which reason they executed a release (*carta de pago*) in favor of the debtors, and there remained outstanding only the original mortgage which was the one to be assigned to Barreto.

On presentation of the deed of February 11, 1930, for record in the registry, it gave rise to the following decision of the registrar:

"This document is recorded as to the assignment of the credit . . . and record thereof is refused as to the cancellation, because the mortgage credit the object of the cancellation has been attached by the National City Bank of New York, according to the notice entered under the letter 'A'; and a cautionary notice is entered for 120 days . . . San Juan, January 24, 1933."

Feeling aggrieved by that decision, Pedro Polanco took the present administrative appeal; and he urges that the registrar should have canceled *ex officio* the extension of security in question, inasmuch as it clearly appeared from the documents presented that the assignment and the partial cancellation had been made prior to the entry of the notice of attachment. He invokes in his favor the jurisprudence established by this Supreme Court in *Banco Territorial* v. *Vidal*, 2 *Decisiones de Puerto Rico*, p. 231, and *La Sociedad E. de A. M. y B.* v. *Rossy*, 17 P.R.R. 77, as follows:

"A cautionary notice of attachment is effective only as to liens constituted subsequent to said notice and cannot affect the ownership of a mortgage credit previously acquired by virtue of an assignment in satisfaction of a debt, even though the cautionary notice of attachment may have been entered prior to the recording of said assignment." *Banco Territorial* v. *Vidal, supra*.

"A cautionary notice of attachment, with prohibition to alienate, cannot convert into a real action an action which lacks this character, nor can it prejudice rights acquired by a third person over the same property prior to the cautionary notice, although his title may not be recorded at the time of entering the notice; nor can said notice give to the person obtaining the same the character of a third person with respect to those who have acquired such prior rights, since the law allows him preference only as to alienations or encumbrances effected subsequently to his cautionary notice." *La Sociedad E. de A. M. y B.* v. *Rossy*, 17 P.R.R. 77.

The instant case presents a question of the same character as that decided in the case of *People* v. *Registrar, ante,* p. 796. It is not a question of the right of the appellant to the cancellation, but of the power of the registrar to effect it merely on the presentation of the deed.

The registrar says in his brief:

"The undersigned registrar believes that it is not incumbent upon him to decide this question in which it is necessary to pass upon the rights of others, a function that belongs to the courts, in accordance with the provisions of the Civil Code; the registrar being precluded from invading that province, as he must conform strictly to the provisions of the Mortgage Law under which he is compelled to await the outcome where rights are contested.

"This does not mean that we believe that the law is not on the side of the owner and debtor, at least apparently, since in order to levy an attachment it is necessary that the thing belong to the defendant debtor. We only maintain that this is not a matter for the registrar but for the courts.

"See a similar case in regard to preference of rights. reported in 27 P.R.R. 578."

He goes on to advance other reasons, but we believe that what has already been stated is sufficient. The two decisions that the appellant invokes were not rendered in administrative appeals but in cases originating in the courts of justice. He should resort to the courts, and if the facts are really as they appear from the deed of assignment and release, it should be easy for him to obtain the cancellation of the notice of attachment involved.

The decision appealed from must be affirmed.